```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

GREY WALL SOFTWARE, LLC, ET     :
AL.,                            :
                                :
     Plaintiffs,                :
                                :
     v.                         :  CASE NO. 3:22-cv-00203(RAR)
                                :
AEROSIMPLE LLC, ET AL.,         :
                                :
     Defendants.                :
```

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is Defendants' "Motion for Reconsideration" ("Motion") (Dkt. #113). Defendants ask this Court to reconsider whether "Defendant Rao should review [Plaintiffs' Highly Confidential] materials at a location where his counsel is present and can monitor him." (Dkt. #108-1 at 6-7) (Order on Motion for Protective Order).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to… [matters] that might be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "Reconsideration is warranted only if the moving party identifies an intervening change or controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Myers v. Conn. Comm'n of*

1

*Corr.*, No. 3:23-cv-753 (MPS), 2025 U.S. Dist. LEXIS 28211 at *2 (D. Conn. Feb. 18, 2025) (citations and internal quotations omitted); *see also* D. Conn. L. Civ. R. 7(c)1.

Defendants provide two arguments in support of reconsideration. First, they suggest that the Court made clear error because "Plaintiffs' primary request was the Defendants engage an Indian law firm" for Defendant Rao to conduct review in India. (Dkt. #113-1 at 4). Second, Defendants argue that Defendant Rao's travel to Connecticut to review Plaintiffs' highly confidential materials "would result in manifest injustice[.]" *Id.*

Regarding Defendants' first argument, the Court disagrees that "Plaintiffs' primary request was the Defendants engage an Indian law firm[.]" *Id.* Plaintiffs primarily argued – in their motion for a protective order – that Defendant Rao should not review the contested highly confidential material *at all*.[1] See Dkt. #99 at 4. Indeed, Plaintiffs there continued to argue that "should this court… permit[] [Defendant Rao] to review documents he authored or received while employed by Veoci, such review should take place in person in the offices of his trial counsel of record in the U.S." *Id*. at 7. Thus, the Court did not

---

[1] In their opposition to Defendants' motion for reconsideration, Plaintiffs confirmed that their primary request was that Defendant Rao not be allowed to view the highly confidential information. *See* Dkt. #114 at 2.

misconstrue Plaintiffs' "primary request." Rather, the Court reviewed that primary request to prevent Defendant Rao from reviewing the highly confidential information and ruled otherwise – by giving him greater access to the information than Plaintiffs desired.

Regarding Defendants' second argument, the Court disagrees that its previous ruling results in manifest injustice. Notably, it is Defendant Rao who has continuously sought to review Plaintiffs' highly confidential information despite Plaintiffs' ardent objections. Defendant Rao cannot both seek to personally review such information and then claim that the travel to do so is unduly burdensome. *Cf. Griffin v. Bd. of Regents of the Univ. of Wis. Sys.*, 818 F. App'x 558, 560 (7th Cir. 2020) (upholding district court's discovery ruling requiring travel because plaintiff "*chose* a Madison-based federal court as the forum") (emphasis in original). Moreover, Defendant Rao does not argue that this Court lacks personal jurisdiction over him. *See generally* Dkt. #62 ("Defendants' Answer"). As an in-person hearing or trial would similarly necessitate Defendant Rao's appearance in Connecticut, Defendants' argument that travel to this state — where Defendant Rao's counsel's offices are located – would be unduly burdensome is unpersuasive. For these reasons, Defendants' Motion (Dkt. #113) is **DENIED**.

SO ORDERED this 14th day of April, 2025 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson

United States Magistrate Judge